UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No.

| | |
|---|---|
| KEITH GOULD, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| UNIVERSITY OF MIAMI, | ) ) |
| Defendant | ) |

# CLASS ACTION COMPLAINT

## Introduction

1. This is a class action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"). Plaintiff is a former employee of the Defendant, and he brings this case on behalf of himself and all similarly-situated persons to challenge the Defendant's breach of fiduciary duty under ERISA. Specifically, although the Plaintiff and similarly-situated persons (the "Class") were the Defendant's employees under the law and in fact, the Defendant improperly failed to make available to them all benefits to which they were entitled under the Defendant's qualified retirement and welfare benefit plans, thereby violating its fiduciary duty to the Plaintiff and the Class. On behalf of himself and the Class, Plaintiff seeks, among other things, equitable relief as provided for by law.

## Parties

2. Plaintiff Keith Gould is an adult resident of Miami Beach, Florida.

3. Defendant University of Miami (the "University") is a not-for-profit corporation with its principal place of business at 1320 S. Dixie Highway, Suite 1200, Coral Gables, Florida. The University is the plan sponsor and a fiduciary for its qualified retirement and welfare benefit plans.

## Jurisdiction and Venue

4. This Court has exclusive subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because this is a claim for breach of fiduciary duty under ERISA.

5. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391, because the Defendant is subject to personal jurisdiction in this District, the relevant benefit plans are administered in this District, and a substantial part of the acts or omissions giving rise to the Plaintiff's claim occurred in this District.

## Factual Allegations

6. From March 2012 to July 2014, Plaintiff worked for the University as a member of the so-called "voluntary faculty." Plaintiff regularly worked more than 40 hours per week for the University, and he was paid wages on a regular basis. On information and belief, Plaintiff was one of a large number of "voluntary faculty," all of whom were similarly situated to him for purposes of this case.

7. The University classified Plaintiff as an employee. For example, the University identified him as an "employee" in its payroll system; the University made employee tax deductions and withholdings from his pay, including income tax

withholdings and deductions for the employee portion of Medicare and FICA taxes; and the University issued him a form W-2, naming him as an "employee" and the University as his "employer."

8. The University is the plan sponsor and a fiduciary for the various qualified retirement and welfare benefit plans offered to its employees ("Plans"), including plans for health care insurance, dental insurance, vision insurance, long term disability insurance, short term disability insurance, long term care insurance, life insurance, accident insurance, flexible spending accounts, retirement, supplemental retirement annuity, tuition remission, and legal assistance.

9. Pursuant to the documents governing the Plans, Plaintiff and other members of the Class were entitled to participate in some or all of the Plans based on their status as employees.

10. The University failed to provide Plaintiff and other members of the Class enrollment information and the opportunity to participate in the Plans, as it did with its other employees. Indeed, not only did the University fail to disclose to the Plaintiff and other members of the Class that they were entitled to participate in the Plans, but it affirmatively communicated to the Plaintiff and, on information and belief, other members of the Class that they were not entitled to participate in the Plans. On information and belief, the University denied this opportunity to Plaintiff and other members of the Class not based on the terms of the documents governing the Plans, but on its self-interested decision that Plaintiff and other members of the Class would not receive any benefits, regardless of the terms of the Plan documents.

**Claim for Benefits & Exhaustion of Remedies**

11. Through counsel, Plaintiff sent a letter to the University on or about June 9, 2016, requesting an explanation as to why he was not provided the same benefits as other employees.

12. The University responded on or about June 14, 2016, stating that Plaintiff's rights were set forth in a Voluntary Faculty Manual, which provided for only limited privileges and benefits.

13. On July 6, 2016, Plaintiff, through counsel, submitted a claim to the University as to all of the Plans, seeking make-whole relief from the University for its failure to provide benefits to him, which constituted a breach of fiduciary duty under 29 U.S.C. § 1132(a)(3).

14. On July 20, 2016, the University denied Plaintiff's claim on the grounds that he was not classified as an employee (even though he was) and that his claim was precluded by the University's Voluntary Faculty Manual and the University's Faculty Manual. Specifically, the University stated, in part, as follows:

> The Associated Faculty category includes voluntary faculty, as well as instructors, lecturers, adjuncts and visiting faculty members. Pursuant to Section C.4.6(b)(i) of the Faculty Manual, only visiting faculty and lecturers are eligible for benefits such as health insurance and retirement contributions. As Dr. Gould does not fall under any of these categories, his request for benefits is not supported by either the University's Voluntary Faculty Manual or the University's Faculty Manual.

Notably, in denying Plaintiff's claim, the University did not cite to or rely on any provisions in any of the Plan documenets, as required under ERISA.

15. On September 15, 2016, Plaintiff requested a full and fair review of his denied claim with respect to all of the Plans.

16.     On November 16, 2016, the University upheld its denial of Plaintiff's claim. The University abandoned its previous position that Plaintiff was not an employee. Instead, for the first time, the University explained that Plaintiff was not eligible to participate in one plan - the Retirement Savings Plan – based on the terms of that plan. In addition, contrary to what it had said in its prior letter, the University stated that "[a]lthough Dr. Gould was not eligible for the Retirement Savings Plan, the plan document of the Supplemental Retirement Annuity indicates that he *was* eligible to make elective contributions to that plan from his University earnings." (Emphasis added). The University concluded, "University HR-Benefits does not have a record of a request by Dr. Gould to make elective deferrals from his University earnings during his period of work. Therefore, we cannot support a request for relief." In fact, Plaintiff was never notified of his eligibility or given the opportunity to make elective contributions to that plan or to participate in any other plans. That is not surprising given the University's prior position that he was not an employee and was not entitled to participate in any of the Plans. Otherwise, the University provided no response concerning Plaintiff's request for relief with respect to any other of the Plans, including the plans for health care insurance, dental insurance, vision insurance, long term disability insurance, short term disability insurance, long term care insurance, life insurance, accident insurance, flexible spending accounts, tuition remission, and legal assistance.

**Allegations as to Class**

17.     On information and belief, during the relevant period, the University has engaged in similar breaches of fiduciary duty with respect to numerous similarly-situated

employees, including all employees classified as "voluntary faculty," and joinder of all such employees is impracticable.

18. All of those employees were affected by the University's common policy and practice of failing to extend benefits to certain employees, notwithstanding the provisions of the documents governing the Plans. As a result, there are questions of fact and law common to all such employees.

19. Plaintiff's claims are typical of the claims of all such similarly-situated employees.

20. Plaintiff and his counsel will fairly and adequately represent the interests of the Class. Plaintiff has no known conflicts of interest with other members of the Class. The attorneys representing the Plaintiff have litigated and successfully resolved numerous class action cases.

21. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members. The common questions include, among other things, whether Class members are eligible to participate in the Plans notwithstanding their designation as "voluntary faculty," and whether the University can disregard the terms of its Plans based on other policies, such as the Voluntary Faculty Manual or the Faculty Manual. Although the relief to which each Class member may be entitled may vary in amounts, the form of the relief is common and readily ascertainable from the University's records. As a result, common issues predominate over any individualized issues.

22. A class action is superior to other available methods for the fair and efficient adjudication of these claims. Among other things, individual adjudications

would result in an inefficient duplication of common discovery, repeated briefing of common legal issues, and redundant court proceedings.

23. The Plaintiff seeks certification of a class of all employees who worked for the University during the six years preceding the filing of this complaint and who and were denied the opportunity to participate in the Plans because they were classified as "voluntary faculty."

## COUNT I
## BREACH OF FIDUCIARY DUTY
## 29 U.S.C. § 1132(a)(3)

As set forth above, the University violated its fiduciary duty under ERISA. Among other things, a fiduciary is required to discharge its duties with respect to a plan (1) solely in the interest of the plan's participants and beneficiaries, and (2) in accordance with the documents and instruments governing the plan. 29 U.S.C. § 1104. By failing to extend to Plaintiff and members of the Class the opportunity to participate in the Plans, the University violated its fiduciary duty with respect to the Plaintiff and members of the Class. As a result of this breach of fiduciary duty, the Plaintiff and the Class suffered harm, including the lost value of Plan benefits. As a further result of this breach of fiduciary duty, the University was unjustly enriched. This claim is brought pursuant to 29 U.S.C. § 1132(a)(3).

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23, and appointing Plaintiff as a class representative and Fair Work, P.C. as class counsel;

2. An equitable award of all make-whole relief to which Plaintiff and the Class are entitled;

3. An equitable award to remedy the University's unjust enrichment;

4. Attorneys' fees, costs, and interest, as permitted by law; and

5. Any other relief to which the Plaintiff and the Class may be entitled.

        KEITH GOULD, on behalf of himself and all others similarly situated,

        By his attorneys,

        _____
        Gregg I. Shavitz, FL Bar No. 11398
        Paolo C. Meireles, FL Bar No. 91551
        SHAVITZ LAW GROUP, P.A.
        1515 S. Federal Highway, Suite 404
        Boca Raton, FL 33432
        Tel.   (561) 447-8888
        Fax.  (561) 447-8831
        gshavitz@shavitzlaw.com
        pmeireles@shavitzlaw.com

        Stephen Churchill (MA Bar #564158)
        *Pro hac vice motion forthcoming*
        FAIR WORK, P.C.
        192 South Street, Suite 450
        Boston, MA 02111
        Tel.   (617) 607-6230
        Fax.  (617) 488-2261
        steve@fairworklaw.com

Dated: December 16, 2016