UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-25233-CIV-WILLIAMS/SIMONTON

KEITH GOULD,

    Plaintiff,

v.

UNIVERSITY OF MIAMI,

    Defendant.

_____/

## ORDER DIRECTING PLAINTIFF TO PROVIDE MORE DEFINITE STATEMENT IN AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION TO DISMISS, WITHOUT PREJUDICE

This matter is before the Court upon Defendant University of Miami's Motion to Dismiss Plaintiff's Complaint, ECF No. [11]. The Plaintiff has filed an Opposition and the Defendant has filed a Reply, ECF Nos. [14] [18]. The case has been referred by the Honorable Kathleen M. Williams, United States District Judge, to the undersigned Magistrate Judge for a determination of all non-dispositive matters and a report and recommendation on any dispositive matters, ECF No. [4].[1] For the following reasons, pursuant to Fed. R. Civ. P. 8 (a), 10 (b) and 12 (e), the undersigned orders the Plaintiff to file an Amended Complaint which sets forth a more definite statement of the claims asserted by Plaintiff. The undersigned denies the Defendant's Motion to Dismiss without prejudice to file a renewed motion to dismiss Plaintiff's Amended Complaint, if warranted.[2]

---

[1] On May 30, 2017, the District Judge assigned this matter to the "Complex Case Management Track" pursuant to Local Rule 16.1(a)(2)(C), and reset the matter for the Court's two-week trial calendar beginning on December 24, 2018, ECF No. [23].

[2] The undersigned's determination that the Plaintiff's Complaint must be amended to include a more definite statement as to the claims alleged therein is a non-dispositive ruling and thus may be resolved by way of an order. *See e.g. Reeves v. DSI Sec. Servs.,*

**I. BACKGROUND**

This matter was initiated when Plaintiff Keith Gould ("Gould") filed a Class Action Complaint against his former employer University of Miami ("University") pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Generally, Gould contends that the University failed to provide certain ERISA plan benefits to him and other similarly situated employees, and also failed to advise those employees that such benefits were available to volunteer faculty members.

Defendant has filed a Motion to Dismiss contending, among other things, that Plaintiff, as a volunteer faculty member, was not eligible to participate in the ERISA plans at issue, save one supplemental retirement plan, in which Plaintiff elected to not participate, ECF No. [11].

Upon a thorough review of the Plaintiff's Class Action Complaint, the Parties' filings related to the Motion to Dismiss, and the applicable case law, as set forth in detail below, the undersigned directs the Plaintiff to file a more definite statement and denies the Defendant's Motion to Dismiss, without prejudice.

    A. *The Class Action Complaint*

The following facts are taken from the Class Action Complaint, and for purposes of resolving the Motion to Dismiss, are taken as true.

Plaintiff is a former employee of the Defendant who brings this case on behalf of himself and all similarly-situated persons to "challenge the Defendant's breach of

---

*Inc.*, 395 Fed. Appx. 544, 548 (11th Cir. Aug. 31, 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint."); *Palmore v. Hicks*, 383 Fed. Appx. 897, 899-900 (11th Cir. June 18, 2010) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling."). This non-dispositive ruling renders the Defendant's current Motion to Dismiss moot and that Motion is denied without prejudice to refile once the Plaintiff has filed his Amended Complaint.

fiduciary duty under ERISA." ECF No. [1] at 1. From March 2012 until July 2014, Plaintiff worked for the University as a member of the "voluntary faculty." ECF No. [1] at 2, ¶ 6. In that capacity, Plaintiff worked more than forty (40) hours a week and was paid on a regular basis, ECF No. [1] at 2, ¶ 6. Plaintiff contends that the University classified him as an employee by identifying him as an employee in its payroll system, making employee tax deductions and withholdings from his pay, including deductions for the employee portion of Medicare and FICA taxes, issuing W-2s to the Plaintiff, and naming him as an "employee" and the University as his "employer." ECF No. [2] at 2-3. The Defendant is the plan sponsor and a fiduciary for the various qualified retirement and welfare benefit plans offered to its employees including plans for health care insurance, dental insurance, vision insurance, long term disability insurance, short term disability insurance, long term care insurance, life insurance, accident insurance, flexible spending accounts, retirement, supplemental retirement annuity, tuition remission, and legal assistance, ECF No. [1] at 3.

On or about June 9, 2016, the Plaintiff sent a letter to the University requesting an explanation as to why he was not provided the same benefits as other employees. On or about June 14, 2016, the University responded to the Plaintiff's request in a letter which stated that the Plaintiff's rights were set forth in a Voluntary Faculty Manual which provided only limited privileges and benefits, ECF No. [1] at 4. On July 6, 2016, the Plaintiff submitted a claim to the University requesting that he be made whole for the University's failure to provide him benefits as to "all of the Plans." ECF No. [1] at 4. That claim was denied on July 20, 2016, because, according to the University, Plaintiff was not an employee, and as a Voluntary Faculty member, was not eligible for benefits such as health insurance and retirement contributions, ECF No. [1] at 4. Following Plaintiff's

3

request for a full and fair review of the denial, the University upheld the denial on November 16, 2016. The University stated that the denial was predicated upon the Plaintiff's failure to make elective deferrals from his University earnings during his period of work for the Supplemental Retirement Annuity Plan ("SRA Plan"), the only plan for which he was eligible to participate, ECF No. [1] at 5. Plaintiff was never notified of his eligibility for that plan or any other plan, and was not given the opportunity to make elective contributions to those plans. The Defendant never responded to the request for relief as to any of the other Plans.

The Complaint also sets out "Allegations as to Class." ECF No. [1] at 5-7. In that section, the Plaintiff describes the class as "numerous similarly-situated employees, including all employees classified as 'voluntary faculty'." ECF No. [1] at 5-6. The Plaintiff describes the common questions of law or fact for the class members as follows:

> 1. Whether the Class member are eligible to participate in the Plans notwithstanding their designation as "voluntary faculty"; and,
>
> 2. Whether the University can disregard the terms of its Plans based on other policies, such as the Voluntary Faculty Manual or the Faculty Manual.

ECF No. [1] at 6. The Complaint alleges one count of Breach of Fiduciary duty pursuant to 29 U.S.C. § 1132 (a)(3), which asserts that the University violated its fiduciary duty under ERISA by failing to extend to Plaintiff, and members of the putative class, the opportunity to participate in the plans, ECF No. [1] at 7. The Plaintiff contends that as a result of the breach of fiduciary duty, the Plaintiff, and the class, suffered harm including the lost value of the Plan benefits, and that the University was unjustly enriched. The Plaintiff seeks class certification, an equitable award of all make-whole relief to which the Plaintiff and the Class are entitled, and an equitable award to remedy the University's

4

unjust enrichment, attorneys' fees, costs, and interest, as permitted by law, and any other relief to which the Plaintiff and class are entitled, ECF No. [1] at 7-8.

The Plaintiff attached no documents to the Complaint.

### B. *The Defendant's Motion to Dismiss*

In the Motion to Dismiss, Defendant advances a number of arguments. Defendant first contends that although Plaintiff was only eligible to participate in the Supplemental Retirement Annuity ("SRA") plan offered by the University, and was given the opportunity to do so, Plaintiff never elected to make contributions to that plan during his employment, ECF No. [11] at 2. Defendant further contends that the Plaintiff was not eligible to participate in any other plans offered by the University because Plaintiff was not a "regular" or "full-time" member of the faculty. Defendant thus contends that Plaintiff's action should be dismissed because ERISA § 502(a) only provides relief for plan participants, beneficiaries or fiduciaries.[3]

---

[3] **Title 29 U.S.C. § 1132, codifies § 502(a), and sets forth the "Civil Enforcement" provisions under ERISA, as follows:**

> **(a) Persons empowered to bring a civil action**
> **A civil action may be brought—**
>
> **(1) by a participant or beneficiary—**
>
> **(A) for the relief provided for in subsection (c) of this section, or**
>
> **(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;**
>
> **(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;**
>
> **(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or**

**Defendant next argues that, even if the Plaintiff is deemed to be a participant of any of the University's ERISA plans, the Plaintiff is still not entitled to relief pursuant to § 502(a)(3) of ERISA because any claim for recovery of unpaid benefits must be brought pursuant to § 502(a)(1)(B). Defendant further contends that relief is not available to the Plaintiff based upon the Defendant's alleged failure to affirmatively disclose unspecified "enrollment information" because the Court may not impose disclosure obligations and remedies on the Defendant where the Defendant is subject to the fiduciary duties under ERISA, which do not include such disclosure obligations.**

**Defendant next contends that Plaintiff has failed to state a cause of action predicated on fraud by the University because the Plaintiff fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).**

**Finally, Defendant contends that the Plaintiff has failed to allege facts that indicate that he suffered harm from any alleged ERISA violation or that the Defendant was unjustly enriched by any of the alleged violations.**

**In support of its Motion to Dismiss, the University has submitted the Declaration of Jennifer S. Cohen, the Executive Director of HR-Benefits for the University, ECF No. [11-1]. Attached to the Declaration are copies of the letters referenced in the Plaintiff's Complaint including the June 9, 2016, July 6, 2016 and September 15, 2016 letters from Keith R. Gould, D.O., to the University, and the June 14, 2016, July 20, 2016, November 16, 2016 letters from the University to the Plaintiff, ECF Nos. [11-1]-[11-7]. Also attached to the Declaration is the Manual for the Voluntary Faculty of the University of Miami**

---

**(ii) to enforce any provisions of this subchapter or the terms of the plan;**

Leonard M. Miller School of Medicine ("VFM"), and the University of Miami Faculty Manual ("FM"), ECF Nos. [11-8], [11-9].

In addition, Ms. Cohen's Declaration references and attaches ten plans that are potentially at issue in this litigation including: the University of Miami Retirement Savings Plan (the "RSP"), the University of Miami Supplemental Retirement Annuity Program (the "SRA Plan"), the Aetna Long Term Disability Insurance policy (the "LTD Plan"), the Aetna Basic Life Insurance and Accidental Death and Dismemberment policy (the "Life Insurance Plan"), the National Union Fire Insurance Group Accident Insurance plan (the "Accident Plan"), the MetLife Supplemental Life Insurance Plan, the Aetna Choice Health Care Plan (the "Health Plan"), two dental plans, and a long term care insurance policy, and the summary plan descriptions for the Short Term Disability insurance plan, the Flexible Spending Account and the Tuition Remission Plan, ECF No. [11-1] at 2-3.

In response to the Motion to Dismiss, the Plaintiff contends that the Defendant's Motion to Dismiss improperly attempts to unilaterally resolve disputed facts in the Defendant's favor, contrary to specific allegations in the Complaint and contrary to the University's records. Plaintiff further asserts that the Defendant attempts to incorrectly characterize the Complaint as seeking relief pursuant to 29 U.S.C. 1132(a)(1)(B), which Plaintiff contends it is not because Plaintiff is not seeking review of a denial of a specific benefit but instead is seeking recourse for the Defendant preventing the Plaintiff from enrolling in any benefit plans in the first place in violation of its fiduciary duty to administer the plans in accordance with the documents and instruments governing the plan. Plaintiff also argues that he has satisfied the simplified pleading requirements of Rule 8(a)(2), and disputes that has raised a "fraud" claim, ECF No. [14] at 7.

7

Plaintiff further argues that the documents submitted by the Defendant as attachments to the Motion to Dismiss confirm that Dr. Gould was entitled to participate in multiple benefit plans, ECF No. [14] at 1. The Plaintiff then sets forth "Factual Allegations" wherein the Plaintiff lists a number of the welfare and retirement benefit plans and cites specific language of those plans to support his contention that he, as an employee who worked 40 hours a week, qualifies to participate in the various plans including the long term disability plan, the life insurance and accidental death and dismemberment plan, the group accident insurance plan, the supplemental life insurance plan and the health insurance plan, ECF No. [14] at 10. However, Plaintiff then states "[b]ased on the language of the plan documents, Dr. Gould does not dispute that he was ineligible to participate in the Retirement Savings Plan. . . The clarity of his exclusion from that plan underscores his argument that he was a participant in other plans. That is so, because it demonstrates that the University plainly knew how it could unambiguously exclude voluntary faculty or other categories of employees." ECF No. [14] at 10, n. 5. Ultimately, the Plaintiff concludes his opposition by stating that Dr. Gould "was a participant of multiple benefit plans to whom a fiduciary duty was owed; the University breached its fiduciary duty to him by giving him erroneous information about his participation and by failing to act in accordance with plan documents. . .", ECF No. [14] at 19.

In reply, the Defendant again argues that the Plaintiff was not an eligible participant under ERISA and argues that the Plaintiff's interpretation of "regular employee" would improperly expand the Plans' eligibility to all common law employees. In this regard, Defendant acknowledges that Plaintiff was a common law employee, but

asserts that that status does not qualify him as a participant under the terms of the Plans, ECF No. [18] at 5.

Further, Defendant argues that Plaintiff's Complaint runs afoul of the pleading requirements of Fed. R. Civ. P. 8 and 10 by failing to identify the Plans under which he asserts claims for relief and failing to plead facts establishing entitlement to such relief under the terms of each Plan, ECF No. [18] at 9. The Defendant requests that the Court dismiss the Plaintiff's Complaint in its entirety, with prejudice.

## II. LEGAL FRAMEWORK

### A. *Motion to Dismiss*

When reviewing a motion to dismiss under Rule 12 (b)(6), Fed. R. Civ. P., the Court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations and quotation marks omitted).

B. *Pleading Requirements under Federal Rules of Civil Procedure 8 and 10*

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). The purpose of this requirement "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *LaCroix v. Western Dist. Kentucky*, 627 F. App'x. 816 (11th Cir. 2015). Further, as stated by the Supreme Court in a footnote in *Twombly*, "While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim,' Rule 8 (a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 n. 3 (2007) *(*quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957). See also, 5 *Wright & Miller* § 1202, at 94, 95 (stating Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

Federal Rule of Civil Procedure 10(b) provides that a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. And, further provides, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense." Fed. R. Civ.P. 10(b). The Eleventh Circuit has explained that Rules 8 and 10

> . . .work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief

> can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Fikes v. City of Daphne*, 79 F.3d 1079, 1082–83 (11th Cir. 1996) (citation omitted).

### C. *Introduction to ERISA*

Congress enacted ERISA to protect the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal courts. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208 (2004) (citing 29 U.S.C. § 1001(b)). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. *Id.* Section 502(a) of ERISA, which is codified at 29 U.S.C. § 1132(a), creates a civil cause of action for participants and beneficiaries of ERISA plans to recover benefits or enforce rights under an ERISA plan. 29 U.S.C. § 1132(a). Similarly, section 502(a)(3), codified at 29 U.S.C. § 1132(a)(3), which authorizes "other appropriate equitable relief," permits an individual to seek equitable relief for a breach of fiduciary duty resulting in losses, for which ERISA does not otherwise provide a remedy. *Varity Corp. v. Howe*, 516 U.S. 489, 507–15, (1996).

### III. LEGAL ANALYSIS

In the case at bar, the Plaintiff seeks to have this Court determine whether the Defendant violated its ERISA fiduciary duties by failing to make certain ERISA plans maintained by the University available to current and former voluntary faculty, including the Plaintiff, and by failing to inform voluntary faculty members that they were eligible to participate in those plans. The claims advanced in the Complaint thus center on whether

the Plaintiff and other faculty were eligible to participate in the ERISA plans pursuant to the express language of those plans.[4]

In the Motion to Dismiss, the Defendant argues that based upon the language of the ERISA plans attached to the Motion, the Plaintiff has failed to demonstrate that the Plaintiff and other volunteer faculty were ever eligible to participate in the University's ERISA plans.[5] The Defendant further states that the "Plaintiff's Complaint contains nothing more than vague and conclusory assumptions about his alleged eligibility to participate in each of the Plans. Plaintiff's sweeping allegation that he was 'entitled to participate in some or all of the Plans,'. . .without referencing any provision to support that notion is nothing more than an unsupported legal conclusion." ECF No. [11] at 18.

The Plaintiff, on the other hand, argues that the plan documents submitted by the Defendant with its Motion to Dismiss establish that the Plaintiff has alleged a cognizable cause of action under ERISA, because they demonstrate that Gould was entitled to participate in "multiple plans." ECF No. [14] at 9. In direct response to the Defendant's contention that Plaintiff failed to cite specific provisions of each plan in the Complaint, the Plaintiff states,

---

[4] ERISA defines "participant" as "any employee or former employee ... who is or may be eligible to receive a benefit of any type from an employee benefit plan." ERISA, 29 U.S.C. § 1002(7). In *Firestone Tire & Rubber Co. v. Burch*, 489 U.S. 101, 117, (1989), the Supreme Court interpreted this provision to include former employees who have "a reasonable expectation of returning to covered employment" and/or a "colorable claim" to vested benefits.

[5] Both Parties correctly assert that in resolving the instant motion, the undersigned may review the plan documents submitted by the Defendant in support of its Motion to Dismiss to the extent that those documents are referenced in the complaint. See, e.g., *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368–69 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the [c]ourt may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion ... will not require conversion of the motion into a motion for summary judgment.").

> **Dr. Gould was not given plan documents during his employment at the University, even after he asked about benefits. Nor was he given all plan documents when making an administrative request for relief. . .Until it filed its motion to dismiss, the University never provided any of the other plan documents to Dr. Gould. As a result, given its repeated refusal to provide him with plan documents, the University cannot fault Dr. Gould for not pointing to specific plan language in his Complaint. In any event, the plan documents provided with the University's motion to dismiss provide specific language to support his Complaint, as discussed above and below.**

ECF No. [14] at 7, n. 2. In reply, the Defendant states that the Plaintiff haphazardly lumps all plans together in one count and alleges vaguely that he is entitled to participate in some or all of the Plans.[6] Defendant therefore asserts that the Plaintiff has failed to meet his obligation under Rules 8 and 10.

The undersigned agrees with the Defendant on this point and concludes that the Complaint as drafted is ambiguous and confusing, and fails to satisfy Rules 8 and 10. Specifically, in the Complaint, Plaintiff has failed to set forth allegations pertaining to each plan in a manner that makes clear which plans the Plaintiff contends he and other

---

[6] **The Defendant additionally makes reference to the impropriety of shotgun pleadings, ECF No. [18] at 9. While the Plaintiff's Complaint does not meet the classic definition of a shotgun pleading, the Complaint as drafted nonetheless fails to clearly and unambiguously state the basis for Plaintiff asserting his claims and the relief sought as to each of those claims. See *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) (identifying four rough types of categories of shotgun pleadings but observing that the unifying characteristic of all types of shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests).**

**The undersigned notes that several courts have determined that the remedy for a shotgun complaint—at least the first time this argument is raised—is generally not dismissal, but to require the plaintiff to replead its claims. *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001) (remanding to district court to require plaintiff to replead his claims against fourteen public officials where complaint was fifty-eight pages, all defendants were charged in each count, and there was no distinction as to which official engaged in specific conduct).**

members of the class are entitled to participate.[7] The Complaint thus makes it virtually impossible to tell which ERISA plans are at issue, for either the Plaintiff or the potential class members, what relief Plaintiff is seeking as to those Plans, who Plaintiff alleges is similarly-situated for purposes of evaluating eligibility under the Plans, and the nature and scope of Defendant's purported breach of its fiduciary duty as to each of the plans. These omissions are particularly significant in this case where there is no concession by the Defendant that voluntary faculty employees, either current or former, had been or ever would be a part of the class of employees eligible to participate in all of the ERISA plans generally referenced in the Complaint and specifically identified by the Defendant in the Motion to Dismiss. Rather, the Defendant only concedes that Plaintiff Gould, as a member of the voluntary faculty, would have been eligible to participate in one plan. Plaintiff Gould, for his part, concedes in a footnote in his opposition to the motion to dismiss that he was *ineligible* to participate in the Retirement Savings Plan, ECF No. [14] at 10, n. 5. Thus, it is necessary to examine the allegations advanced by Plaintiff as to each Plan at issue to determine whether Plaintiff or members of the class could ever qualify as participants in the ERISA plans. However, because the Plaintiff failed to identify what plans the Plaintiff believes he and other similar employees were eligible to participate, the Court is unable to determine "which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." Nor is the Court able to determine whether the Plaintiff's claim is more properly classified as that of a participant who seeks to receive benefits as an employee eligible to participate in one

---

[7] The Complaint fails to specifically identify or define the "Plans" at issue as those plans pertain to the class of plaintiffs. In addition, the Complaint states that the named Plaintiff submitted a claim to the University as to "all of the Plans". ECF No. [1] at 4. Similarly, the Complaint states that the Plaintiff requested a full and fair review of his denied claim with respect to "all of the plans." ECF No. [1] at 4.

or multiple ERISA and benefits programs, or as that of a participant who seeks equitable relief for those benefits that were not provided as a result of the Defendant's purported breach of fiduciary duty.[8]

The lack of clarity in the Complaint cannot be cured by the Plaintiff identifying the specific plans in opposition to the Motion to Dismiss. Rather, Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.[9] Here, the Defendant has not requested that the Plaintiff be required to present a more definite statement, however, the Eleventh Circuit has made clear that a district court has the inherent authority to require a plaintiff to file a more definite statement, even if the responding party has not requested such relief. *Fikes v. City of Daphne*, 79 F.3d 1079, 1085 n. 6 (11th Cir. 1996); *Byrne v. Nezhat*, 261 F. 3d 1075, 1133 n. 114 (11th Cir. 2001) (abrogated on other grounds) (stating court has duty to intervene *sua sponte* and require more definite statement where shotgun pleading filed). Further, in accordance with Rules 8 (a)(2) and 10 (b), it is within the district court's authority to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition. *Id.*

---

[8] This issue is hotly contested by the Parties in the Motion to Dismiss. However, the undersigned recognizes that a determination of the nature of Plaintiff's claims in this case may be a distinction without a difference because if the Plaintiff does not qualify as a beneficiary under the ERISA plans, the Plaintiff will have no standing to bring either type of action as both § 1132 (a)(1)(B) and § 1132 (a)(3) provide for a civil action brought by a participant or beneficiary.

[9] Although the Defendant stops short of contending that it is unable to file a responsive pleading, the undersigned notes that pursuant to Fed. R. Civ. P. 7(a), a motion to dismiss is not a responsive pleading. Given that the one-count breach of fiduciary duty Complaint alleges in a single paragraph that the Defendant failed to extend to Plaintiff and members of the class the opportunity to participate in "the Plans", it is hard to fathom how the Defendant could formulate an appropriate responsive pleading to the Complaint.

Several other Courts presented with similarly deficient complaints have required litigants to file a more definite statement. In *Ctr. For Reconstructive Breast Surgery, LLC., v. Blue Cross Blue Shield of Louisiana*, No. 11-806, 2013 WL 5519320 (E.D. La. Sept. 30, 2013), also an ERISA case, a district court in considering a motion to dismiss or in the alternative for a more definite statement or to sever, granted the defendant's motion in part where the complaint contained no specific allegations against a given health insurance plan based on a given patient, but instead simply made general allegations against a number of defendants and attached a list of patients. In directing the plaintiffs to provide a more definite statement, the court observed that in order to comply with the notice requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, the plaintiffs needed to, *inter alia*, separate each individual claim, the specific insurance plan under which the plaintiffs were proceeding, and the amount of the benefits sought. *Id.* at *1 (citing *Kindred Hosp. East, LLC, v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:05-cv-995-J-32TEM, 2007 WL 601749, *4 (M.D. Fla. Feb. 16, 2007). The court further held that the plaintiffs had to identify the specific plan terms allegedly breached and the manner of their breach. *Id.* (citing *Sanctuary Surgical Centre, Inc. v. Connecticut Gen. Life Ins. Co.*, No. 11-80800-CV, 2012 WL 28263, at *3, (S.D. Fla. Jan. 5, 2012). *See also In Re Managed Care Litigation*, Master File No. 00-1334-MD, Tag-Along No. 08-20005-CIV, 2009 WL 742678 *1, at *3 (S.D. Fla. March 20, 2009) (finding dismissal without prejudice appropriate where plaintiffs failed to describe ERISA plan at issue and concluding that failure to identify controlling ERISA plan made complaint unclear and ambiguous); *United Surgical Assistants, LLC. v. Aetna Life Ins. Co.*, No. 8:14-cv-211-T-30MAP, 2014 WL 5420801, *1 (M.D. Fla. Oct. 22, 2014) (finding that in ERISA case, complaint failed to put defendant on notice of specific factual basis for each claim and directing plaintiff to

provide more definite statement). Similarly, in *Advantage Homebuilding, LLC. v. Assurance Co. of America*, No. Civ. A. 03-2426-KHV, 2004 WL 433914 (D. Kan. March 5, 2004), a district court required the plaintiffs to file a more definite statement where the complaint alleged that that plaintiffs were insureds under various builder's risk policies but did not identify the policy or policies on which they sued, or cite the policy provision on which they relied to establish coverage.

The undersigned finds the logic of the above cases persuasive and determines that it is appropriate to *sua sponte* direct the Plaintiff to file a more definite statement. To that end, the Plaintiff shall file an Amended Complaint which identifies which ERISA and other benefit plans offered by the University Plaintiff Gould alleges that he was eligible to participate; describes other similarly-situated University employees and the ERISA and other benefit plans that those persons claim they are entitled to participate; and provides a clear recitation of the relief Plaintiff seeks including whether the Plaintiff and other potential class members seek to receive specific benefits under the plans at issue, seek to be enrolled in particular plans, and/or seek to restore losses to the relevant plans. While the Plaintiff need not set forth every claim advanced in the Amended Complaint and all relief sought therein in detail, the Plaintiff must provide enough information to allow the Defendant and the Court to know the basis of the Plaintiff's ERISA claims, sufficient for the Defendant to file an appropriate responsive pleading, and for the Court to assess the viability of those claims.[10]

---

[10] The Complaint also fails to set forth facts regarding the Plaintiff's claim that the Defendant was unjustly enriched. The elements of a claim for unjust enrichment are (1) plaintiff conferred a benefit on defendant; (2) defendant voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Porsche Cars N. Am., Inc. v. Diamond*, 140 So.3d 1090, 1100 (Fla. 3d Dist. Ct. App. 2014) (citation omitted). Although this deficiency is not the basis for the Court issuing this Order requiring a more definite statement, the Plaintiff should endeavor to correct any

## IV. CONCLUSION

Accordingly, it is

ORDERED that the Plaintiff shall file a more definite statement in the form of an Amended Complaint within twenty (20) days from the date of this Order. It is further

ORDERED AND ADJUGED that Defendant University of Miami's Motion to Dismiss Plaintiff's Complaint, ECF No. [11] is DENIED, without prejudice to file a Motion to Dismiss after the Plaintiff files his Amended Complaint.

DONE AND ORDERED in Miami, Florida, in chambers, on September 19, 2017.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE


**Copies furnished to:**

The Honorable Kathleen M. Williams,
    United States District Judge
All counsel of record

---

other deficiencies in the Complaint when filing his Amended Complaint. Further, although the Defendant has also challenged the sufficiency of the Complaint pursuant to Rule 9(b), which requires pleading fraud with particularity, Plaintiff has denied asserting such a claim. Thus, that issue will be addressed after the Amended Complaint is filed, if it raises a fraud claim that the Defendant moves to dismiss.